UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re: Todd Leeser

Chapter 13

Debtor(s)                          Case No. 09-

☑ORIGINAL CHAPTER 13 PLAN AND MOTIONS
☐MODIFIED CHAPTER 13 PLAN DATED _____
*(Modified Plan Terms in Italics or Otherwise Highlighted)*

☑ A check in this box indicates that the plan contains special provisions set out in Section 10 below.

☐ A check in this box indicates that the plan contains motion(s) to avoid lien pursuant to §522(f)

**YOUR RIGHTS WILL BE AFFECTED BY THIS PLAN.** You should read this Plan carefully and discuss it with your attorney. Any party opposing any provision of this plan must file a written objection by the date indicated on a separate notice sent to you by the United States Bankruptcy Court. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payments of less than the full amount of your claim and/or by setting the interest rate on your claim

**You must file a proof of claim to be paid under any plan that may be confirmed.**

Debtor or Debtors (hereinafter "Debtor") proposed this Chapter 13 Plan:

1. **Submission of Income.**

   (A). Debtor submits to the supervision and control of the Chapter 13 Trustee (hereinafter "Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

   (B). The Debtor (___ is  ✔ isn't) required to turn over to the Trustee 50% of all net federal and state income tax refunds received by them in each year during the term of the plan. The Debtor is required to provide the Trustee with copies of both the federal and state income tax returns, including all schedules filed, within 15 days of filing and in no case later than May 1st of each year in the plan.

   (C). The Debtor assumes all unexpired leases and executory contracts identified in the Debtor's Schedule G unless noted otherwise elsewhere.

1

2. **Plan Payments and Length of Plan.** The Debtor will pay the Trustee $ 1,435_____ monthly for __60___ months [and $ 0_____ monthly for an additional __0_____ months], for total payments during the initial plan term of $ 86,100_____, [Enter this amount on Line (a) of Paragraph 15] unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. These payments shall start no later than 30 days after filing of the petition. The term of this Plan shall not exceed sixty (60) months from date of confirmation. *See* 11 U.S.C. 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan.

3. **Claims Generally.** Nothing herein prohibits a creditor from filing a proof of claim in a different amount. Objections to claims may be filed before or after confirmation.

4. **Order of Plan Distribution.** The Trustee shall distribute payments pursuant to following distribution sequence.

5. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

> (A). **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee, not to exceed 10% of funds received for distribution. Estimated at _7.00__ % of plan payments, totaling $ 6,027_____.

> (B). **Debtor's Attorney's Fees.** The total attorney fee as of the date of filing the petition is $ 3,000_____. The amount of $ 100_____ was paid prior to the filing of the case. The balance of $ 2,900_____ will be paid as follows: what's available to be paid at the initial disbursement following confirmation of the plan. The balance of attorney fees will be paid by what's available monthly until the fee is paid in full. Pursuant to 507(a)(2) and 1326(b)(1), any tax refund submission received by the trustee will first be used to pay any balance of Debtor's Attorney's Fees.

**Total Administrative Claims:** $ 8,927_____
[Enter this amount on Line (b)(1) of Paragraph 14]

6. **Priority Claims.**

> (A). **Domestic Support Obligations (DSO).**

> ☑ If checked, Debtor does not have any Domestic Support Obligations. Skip to Plan Paragraph 6(B).

> ☐ If checked, Debtor has Domestic Support Obligation. Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim. The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. 101(14a) and 1302(b)(6):

2

| (a)<br>DSO Creditor<br>(Name and Address) | (b)<br>Scheduled Amount | (c)<br>Projected monthly payment<br>(to be paid directly by the<br>Debtor) |
|---|---|---|
|  |  |  |
|  |  |  |

☑ If checked, Debtor does not have any Anticipated Domestic Support Obligation Arrearage Claims

☐ If checked, Debtor has Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. 507(a)(1) will be paid in full pursuant to 11 U.S.C. 1322(a)(2). These priority claims will be paid without interest, on a pro rata basis.

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage claim |
|---|---|
|  |  |
|  |  |
| Totals: | $0 |

☑ If checked, Debtor does not have any domestic support obligation claims that are assigned to, owed to, or recoverable by a governmental unit and may not be paid in full.

☐ If checked, Pursuant to 507(a)(1)(B) and 1322(a)(4), the Debtor has the following domestic support obligation claims that are assigned to, owed to, or recoverable by a governmental unit and may not be paid in full. These priority claims will be paid without interest, on a pro rata basis.

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage claim | (c)<br>Estimated amount to be paid<br>through the plan |
|---|---|---|
|  |  |  |
|  |  |  |
| Totals: | $0 | $0 |

3

(B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full through the plan, without interest, on a pro rata basis.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
| WI Department of Revenue | $2,000 |
|  |  |
| Totals: | $2,000 |

The total of all priority claims payments to be made by the Trustee under this plan is estimated to be $ 2,000_____. [Enter this amount on Line (b)(2) of Paragraph 14].

7  **Secured Claims. Failure to object to this plan deems acceptance of the Plan** .

(A).  ☐ If checked, The Debtor does not have Claims Secured by Personal Property Which Debtor Intends to Retain.  Skip to 7(B).

☑ If checked, The Debtor has Claims Secured by Personal Property Which Debtor Intends to Retain.

All secured claims treated below are to be paid in full during the plan term, with interest at an annual percentage rate specified below in the amounts stated (subject to reduction with the consent of the creditor),                                        in monthly installments, with fixed monthly payments as specified below:

(a). Creditor: MB Financial Bank_____          Collateral: 2008 Harley FLHX Streetglide____
Amount of secured claim: $ 17,694__  APR _5.25_ % Fixed monthly payment: 533_____
Total            payments, including interest on the claim: $ 19,188_____.
☐ Check if non-PMSI. ☑ Check if fixed monthly payment above should also be the adequate protection payment.  This claim ☐ is ☑ is not being crammed down.

(b). Creditor:_____          Collateral:_____
Amount of secured claim: $_____  APR _____% Fixed monthly payment:_____
Total            payments, including interest on the claim: $_____.
☐ Check if non-PMSI. ☑ Check if fixed monthly payment above should also be the adequate protection payment.  This claim ☐ is ☑ is not being crammed down.

If this box ☐ is checked, additional secured claims are listed on the overflow page. [All claims in the debtor's Schedule D, other than mortgages treated below, must be listed in this paragraph or in Section (C) below.]
The total of all payments on these secured claims, including interest, is estimated to be $ 19,188_____. [Enter this amount on Line (b)(3) of Paragraph 14].

4

(B). **Claims secured by Real Property Which Debtor Intends to Retain.**

(i) ☐ If checked, the Debtor does not have any claims secured by Real Property that Debtor intends to retain.

☑ If checked, the Debtor has claims secured by Real Property that Debtor intends to retain. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise.

Creditor: _BAC Home Loans Servicing____, monthly payment, $_899_____;
Creditor: _Guaranty Bank_____, monthly payment, $_273_____
*If this box ☑ is checked, additional direct mortgage payments are listed on the overflow page.*

(ii) ☑ If checked, the Debtor has no arrearage claim secured by Real Property that the Debtor intends to cure through the Plan.

☐ If checked, the Debtor has an arrearage claim secured by Real Property that the Debtor intends to cure through Plan. Trustee may pay each allowed arrearage claim pro rata with other mortgage arrears until paid in full without interest unless noted otherwise elsewhere.

(a). To creditor _____, arrears of $_____, payable monthly from funds available, pro rata with other mortgage arrears.

(b). To creditor _____, arrears of $_____, payable monthly from funds available, pro rata with other mortgage arrears.

*If this box ☐ is checked, additional mortgage arrearage payments are listed on the overflow page*
The total of all mortgage arrears payments to be made by the Trustee under the plan is to be $_0_____. [Enter this amount on Line (b)(4) of Paragraph 14]

(C). **Surrender of Collateral.** This Plan shall serve as notice to creditor(s) of Debtor's intent to surrender the following collateral. Unless specified otherwise in the Plan, Creditor shall make arrangements for surrender through Debtor's Attorney. Any secured claim filed by a secured lien holder whose collateral is surrendered at or before confirmation will have their secured claim treated as satisfied in full by the surrender of the collateral. Any involuntary repossession or foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon, or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

5

| (a)<br>Creditor | (b)<br>Collateral to be surrendered |
|---|---|
|  |  |
|  |  |
|  |  |

8. **Unsecured Claims.**

> (a). All allowed non-priority unsecured claims, not specifically classified below, including deficiency claims under 11 U S C. § 506(a), shall be paid, pro rata, ☐ in full, /or/ ☑ to the extent possible from the payments set out in Paragraph 2, but not less than ____100_ % of their allowed amount. [Enter minimum payment percentage on Line (d)(2) of Paragraph 14.]

> (b) Interest ☑ shall not be paid on unsecured claims /or/ interest ☐ shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of _____ %. [Complete Line (d)(4) of Paragraph 15 to reflect interest payable.]

> (c) Special classes of unsecured claims: _____
> _____ $_____ .
> [ Enter this amount on Line (b)(5) of Paragraph 14]

9 **Property of the Estate.** Property of the estate shall revest in Debtor upon discharge, dismissal or other order of the court.

10. **Special Provisions.** Notwithstanding anything to the contrary set forth above, the Plan shall include the provisions set forth below **The provisions will not be effective unless there is a check in the notice box preceding Paragraph 1 of this plan.**

> 1. No payment shall be made on any general unsecured claim that is not timely filed
> 2. Where the total amount of a claim is less than the amount specified in Paragraph 7, the creditor shall be paid the amount of its allowed claim, and the proof of claim shall constitute a notice of reduction consented to by debtor.
> 3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Paragraph 7(B), shall retain the lien until the earlier of (a) payment of the underlying debt determined under non-bankruptcy law, or (b) discharge under 11 U S C §1328, at which time the lien shall terminate and be released by the creditor.

6

11. **Motion to Avoid Lien under 522(f).**

    ☑ If checked, the Debtor does not have any motions to avoid liens under 522(f).

    ☐ If checked, the Debtor moves to avoid the following lien(s) that impair exemptions:

| (a)<br>Creditor | (b)<br>Collateral |
|---|---|
|  |  |
|  |  |

12. **Direct Payment by Debtor.** Secured creditors and lessors to be paid directly by the Debtor may continue to mail to Debtor the customary monthly notices or coupons or statements notwithstanding the automatic stay.

13. **Modification.** Debtor may file a modification of this plan that is not materially adverse to creditor(s) without providing notice to creditor(s) if the Chapter 13 Trustee determines that said modification is not materially adverse to said creditor(s).

14. **Summary of payments to and from the Trustee.**

    (a) Total payments from the debtor to the Chapter 13 Trustee    $ 86,100

    (b) Estimated disbursements by trustee for non-GUCs
        (general unsecured claims):
        (1) Trustee's and Attorney's Fees    $ 8,927
        (2) Payments of priority claims    $ 2,000
        (3) Payments of allowed secured claims    $ 19,188
            (excluding mortgage arrears)
        (4) Payments of mortgage arrears    $ 0
        (5) Payments of specially classified unsecured
            claims    $
        (6) Total *[add lines b1 through b6]*    $ 30,115

    (c) Estimated payments available for GUCs and interest
        during initial plan term *[subtract Line b6 from line a]*    $ 55,985

    (d) Estimated payments required after initial plan term:
        (1) Estimated total GUCs, including unsecured    $ 55,800
            deficiency claims under § 506(a)
        (2) Minimum GUC payment percentage    100 %
        (3) Estimated minimum GUC payment *[multiply*    $ 55,800
            *line d1 by line d2]*
        (4) Estimated interest payments on unsecured    $ 0
            claims
        (5) Total of GUC and interest payments *[add lines*    $ 55,800
            *d3 and d4]*
        (6) Payments available during initial term *[enter*    $ 55,985
            *Line c]*
        (7) Additional payment required *[subtact line d6*    $ -185
            *from Line d5]*

7

15. **Payroll Control** ☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 2 and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Paragraph 10.

**Signatures:**

**Debtor:** _____  **Date** ___9/19/09___

**Debtor:** _____  **Date** _____

**Debtors' Attorney** _____  **Date** ___9/1/09___

**Attorney Contact Information:** ___Andrew Golanowski___
The Law Offices of Peter Francis Geraci, J.D.
55 E. Monroe, # 3400, Chicago, IL 60603
Phone: 414-475-0100
Fax:    312-332-1566

8

**Overflow Page** *[Attach only in necessary]*

7(A). Secured Claims.

(c). Creditor:_____ Collateral:_____
Amount of secured claim: $_____ APR _____% Fixed monthly payment:_____
Total _____ payments, including interest on the claim: $_____.
☐ Check if non-PMSI. ☑ Check if fixed monthly payment above should also be the adequate protection payment. This claim ☐ is ☑ is not being crammed down.

(d). Creditor:_____ Collateral:_____
Amount of secured claim: $_____ APR _____% Fixed monthly payment:_____
Total _____ payments, including interest on the claim: $_____.
☐ Check if non-PMSI. ☑ Check if fixed monthly payment above should also be the adequate protection payment. This claim ☐ is ☐ is not being crammed down.

(e). Creditor:_____ Collateral:_____
Amount of secured claim: $_____ APR _____% Fixed monthly payment:_____
Total _____ payments, including interest on the claim: $_____.
☐ Check if non-PMSI. ☑ Check if fixed monthly payment above should also be the adequate protection payment. This claim ☐ is ☐ is not being crammed down.

(f). Creditor:_____ Collateral:_____
Amount of secured claim: $_____ APR _____% Fixed monthly payment:_____
Total _____ payments, including interest on the claim: $_____.
☐ Check if non-PMSI. ☑ Check if fixed monthly payment above should also be the adequate protection payment. This claim ☐ is ☐ is not being crammed down.

7(B)(i). Secured claims (Current mortgage payments paid directly by Debtor).

Creditor: Wells Fargo Home Mortgage _____, monthly payment, $ 735 _____;
Creditor:_____, monthly payment, $_____;
Creditor:_____, monthly payment, $_____;
Creditor:_____, monthly payment, $_____.

7(B)(ii). Secured claims (Mortgage arrears).

(c). To creditor _____, arrears of $_____, payable monthly from funds available, pro rata with other mortgage arrears.

(d). To creditor _____, arrears of $_____, payable monthly from funds available, pro rata with other mortgage arrears.

(e). To creditor _____, arrears of $_____, payable monthly from funds available, pro rata with other mortgage arrears.

(f). To creditor _____, arrears of $_____, payable monthly from funds available, pro rata with other mortgage arrears.

9